AYO OMOTOSHO, ESQ. SBN 279524
JOY JOHNSON, ESQ. SBN 251639
JOHNSON|OMOTOSHO, LLP
8616 LA TIJERA BLVD SUITE 502
LOS ANGELES, CA 90045
TEL: (424) 218-9745
FAX: (323) 967-7073

*Attorneys for Plaintiff*
Efficient Cleaning Technology

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| EFFICIENT CLEANING TECHNOLOGY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HISCOX INSURANCE COMPANY, INC., an Illinois corporation, and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-02502-GW-E<br><br>Judge: The Honorable George H. Wu<br>Magistrate: Honorable Charles F. Eick<br><br>AMENDED COMPLAINT FOR:<br><br>1. Breach of Contract<br>2. Bad Faith<br>3. Breach of the Implied Covenant of Good Faith and Fair Dealing<br><br>Complaint Filed: October 29, 2024<br>Action Removed: March 20, 2025 |

COMES NOW Plaintiff EFFICIENT CLEANING TECHNOLOGY (“ECT”) (“Plaintiff”) complains against Defendants HISCOX INSURANCE COMPANY (“Defendant” and/or “Hiscox”); and Does 1 through 50, inclusive, demands a jury trial of all issues and causes of action, alleges as follows:

//

//

//

## STATEMENT OF THE CASE

1. This is an action for Breach of Insurance Contract, Insurance Bad Faith and Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiff seeks to recover from Defendant(s), among other things, benefits due and owing under a policy of insurance issued by Defendant and providing coverage to Plaintiff for losses suffered and expenses incurred due to its inability to conduct business as originally planned and declared.

## PARTIES AND JURISDICTION

2. Plaintiff EFFICIENT CLEANING TECHNOLOGY, INC. ("ECT") is a California corporation with its principal place of business in Signal Hill, Los Angeles County, California.

3. Defendant HISCOX INSURANCE COMPANY, INC. ("Hiscox") is a corporation organized under the laws of Illinois and authorized to transact insurance business in California.

4. Plaintiff is unaware of the true names and capacities of DOES 1 through 50 and will amend this Complaint when their identities are ascertained.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a citizen of California. Defendant Hiscox Insurance Company, Inc. is a corporation organized under the laws of Illinois with its principal place of business in a state other than California.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the insured property is located in this District.

7. This matter arises out of the breach of an insurance contract. The policy is attached hereto as **Exhibit "A"** (hereinafter the "Policy") and is incorporated herein as if fully stated. The parties entered into the Policy in Signal Hill, California.

## FACTUAL ALLEGATIONS

8. Plaintiff ECT is a full-service provider in the industrial parts cleaning industry. Providing high-performance cleaning solutions for maintenance, manufacturing or repairing logistics for a wide range of clientele in North America. The types of service include consultation; sales; maintenance and repair; packing and distribution; and wholesale.

9. ECT provides services in various retail fields including Aerospace; Automotive; Industrial; Pharma; Athletics; and more.

10. On or about March 11, 2022, Hiscox issued Policy No. P100.148.635.2 to ECT for business personal property and related coverage for the period March 11, 2022 to March 11, 2023.

11. The insured location under the Policy was 1400 E. 33rd St., Signal Hill, California 90755.

12. On October 23, 2022, the insured premises sustained a fire, resulting in damage to Plaintiffs' personal property and affects, business personal property, inventory, as well as a substantial loss of business income.

13. Plaintiff submitted a timely claim to Hiscox under the Policy, which included coverage for business personal property, business interruption, and extra expense.

14. Plaintiff provided Hiscox with all requested documentation and cooperated fully with the claim investigation.

15. Hiscox unreasonably delayed and ultimately failed to pay covered benefits owed under the Policy, including business income losses and extra expenses.

16. Hiscox failed and refused to promptly pay Plaintiff's claim in whole or even in part, which resulted in consequential damages, including without limitation, Plaintiff's inability to conduct business and as a direct result, ECT has suffered.

17. After unreasonable delay, Hiscox has failed to pay the Plaintiff's loss of business income claim in full. Additionally, Hiscox has failed to adequately evaluate the documents and evidence provided in support for Plaintiff's claim.

18. Hiscox refused, and continues to refuse, to pay Plaintiff the full amount of its covered claim under the Hiscox Policy, and its failure to pay the covered claims has resulted in consequential damages to Plaintiff, which far exceed the claim value.

19. As a result of Hiscox's failure to pay, Plaintiff suffered significant economic losses and was forced to cancel scheduled events and forgo substantial revenue.

20. As a direct and proximate result of the fire, Plaintiff incurred a substantial impact on expected sales. Additionally, the fire occurred right before peak golf tournament season. ECT provides tournament gifts during golf tournaments. However, they were unable to fulfill the orders of tournaments scheduled during the loss period.

21. ECT was scheduled to host its inaugural golf tournament at the ClubCorp Braemar Country Club February 27, 2023. However, due to the fire that occurred on October 23, 2022, ECT was forced to cancel the event and suffered a loss of $100,450.00 as a result.

## **FIRST CAUSE OF ACTION**

**(Breach of Contract)**

**By Plaintiff Against Defendant Hiscox Insurance Company, Inc., and Does 1-50**

22. Plaintiff repeats the allegations contained in Paragraphs 1 through 21 of this Complaint for Damages, by incorporation of and reference to said allegations, as if they were set forth in full herein.

23. Plaintiff and Hiscox entered into a valid and enforceable insurance contract (the Policy).

24. Plaintiff performed all conditions precedent under the Policy including reporting the claim and providing supporting documentation.

25. Hiscox breached the Policy by failing to pay benefits for covered losses in a timely and complete manner.

26. As a direct and proximate result of Hiscox's conduct and breach of its contractual obligations, Plaintiff has suffered damages under the Policy in an

amount to be determined according to proof at the time of trial, plus pre-judgment interest pursuant to California Civil Code, § 3289(b), and other foreseeable and consequential damages according to proof and in amounts to be determined at the time of trial.

**SECOND CAUSE OF ACTION**

**(Bad Faith)**

**By Plaintiff Against Defendant Hiscox Insurance Company, Inc., and Does 1-50**

27. Plaintiff repeats the allegations contained in Paragraphs 1 through 26 of this Complaint for Damages, by incorporation of and reference to said allegations, as if they were set forth in full herein.

28. Hiscox had a duty to investigate the Plaintiff's inquiry and settle the loss of business income claim per the terms of the policy.

29. Hiscox had a duty to settle Plaintiff's claim within the Policy aggregate limits when Plaintiffs filed their claim for loss of business income.

30. Hiscox breached its duly to act in good faith by:

a. Unreasonably delaying settlement discussions upon Plaintiff's inquiry.
b. Unreasonably delaying approval of the loss of business income demand;
c. Failing to settle the claim within the Policy limit prior to Plaintiff incurring additional attorney's fees and costs.

**THIRD CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

**By Plaintiff Against Defendant Hiscox Insurance Company, Inc., and Does 1-50**

31. Plaintiff repeats the allegations contained in Paragraphs 1 through 30 of this Complaint for Damages, by incorporation of and reference to said allegations, as if they were set forth in full herein.

32. Where an insurer "fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for breach of an

implied covenant of good faith and fair dealing. . . . [¶] . . . [W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." Gruenberg v. Aetna Insurance Co. (1973) 9 Cal.3d 566, 574- 575 [108 Cal.Rptr. 480, 510 P.2d 1032], italics in original.

33. Hiscox owed Plaintiff a duty of good faith and fair dealing under the Policy.

34. Hiscox breached that duty by:

a. Failing to conduct a prompt and reasonable investigation;
b. Unreasonably delaying benefits;
c. Failing to provide a reasonable basis for denial;
d. Placing its own interests above those of the insured;
e. Forcing Plaintiffs to resort to litigation to obtain benefits.

35. Hiscox's conduct was unreasonable, without proper cause, and in conscious disregard of Plaintiffs' rights.

36. As a direct and proximate result, Plaintiff has suffered damages, including attorneys' fees incurred to recover policy benefits.

37. Hiscox acted with oppression, fraud, or malice, justifying punitive damages under California Civil Code § 3294.40.

38. Plaintiff is informed, believes, and thereon alleges, that the foregoing unreasonable, malicious, oppressive, and/or fraudulent misconduct was not limited to Hiscox's evaluation of this particular claim, but represents an ongoing pattern and practice, which it applies to all of its policyholders, that is specifically designed by Hiscox to earn illicit profits at the expense of its policyholders' rights. This ongoing pattern of conduct constitutes institutional bad faith.

39. Hiscox's institutional bad faith constitutes reprehensible conduct because it is part of a repeated pattern of unfair practices and not an isolated occurrence. The pattern of unfair practices constitutes a conscious course of wrongful conduct that is firmly grounded in Hiscox's established company policies and practices. Plaintiff is informed and believes and thereon alleges that Hiscox has engaged in similar

wrongful conduct as to other insureds and that it has substantially increased its profits as a result of causing similar harm to others.

40. As a proximate result of the aforementioned conduct of Hiscox, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest and other economic and consequential damages, for a total amount to be shown at the time of trial.

41. As a further proximate result of the aforementioned unreasonable conduct of Hiscox, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Hiscox is liable to Plaintiff for the attorneys' fees reasonably necessary and incurred by Plaintiff in order to obtain the Policy benefits. Brandt v. Superior Court (1985) 37 Cal.3d 812; Cassim v. Allstate (2004) 33 Cal.4th 780.

## DEMAND FOR JURY TRIAL

42. Plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general, special, and consequential damages in amounts to be proven at trial;
2. For pre-judgment and post-judgment interest as permitted by law;
3. For attorneys' fees pursuant to Brandt v. Superior Court;
4. For punitive damages according to proof;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

//

//

//

Respectfully Submitted,
Johnson|Omotosho, LLP

Date: July 16, 2025

By: /s/Ayo Omotosho
Ayo Omotosho
Attorney for Plaintiff
Efficient Cleaning
Technology, Inc.

# CERTIFICATE OF SERVICE

*Jesse Feagin; et al. v. Hiscox Insurance Company, Inc.; et al.*
Case No. 2:25-cv-02502-GW-E

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 8616 La Tijera Blvd. Suite 502, Los Angeles, California 90045 and my electronic service address is reg@jomolawfirm.com. On July 17, 2025, I served the following document(s) described as **AMENDED COMPLAINT** on the interested parties in this action as follows:

| | | |
|---|---|---|
| **FREEMAN MATHIS & GARY, LLP**<br>Albert K. Alikin (CA SBN 265119)<br>William A. Hadikusumo (CA SBN 303534)<br><br>550 South Hope Street, Suite 2200<br>Los Angeles, California 90071-2627 | Attorney for:<br><br>Ph: (213) 615- 7000<br>Fax: (213) 615-7100<br><br>Email:<br>William.Hadikusumo@fmglaw.com<br>Albert.Alikin@fmglaw.com | *Hiscox Insurance* |

☒ **BY CM/ECF:** I certify that on July 17, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____________ for delivery to the addressee(s).

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 17, 2025, at Los Angeles, California.

| | |
|---|---|
| Reginald Dulaney | s/Reginald Dulaney/ |
| (Type or Print Name) | (Signature of Declarant) |